### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

### LESLIE METAL ARTS COMPANY, INC., Respondent.

No. 81–1072.

United States Court of Appeals, Sixth Circuit.

Argued April 27, 1982.

Decided May 5, 1982.

Elliott Moore, Deputy Associate Gen. Counsel, Edward Dorsey, N. L. R. B., Washington, D. C., for petitioner.

Barry Smith, Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., for respondent.

Before KEITH and KRUPANSKY, Circuit Judges and MILES *, Chief Judge.

## ORDER

Petitioner, the National Labor Relations Board ("Board") seeks enforcement of its order issued November 17, 1980, against Respondent Leslie Metal Arts Company, Inc. ("Company"). The Company filed a cross-petition for review.

The Board's order is reported at 253 NLRB No. 44.

On April 25, 1979, the Board conducted an election at Company Plant No. 5. The Union lost the election by a vote of 135 to 125. The Union filed six objections to the election alleging the Company engaged in pre-election misconduct which, the Union asserted, required that the election be set aside.

The Board's Regional Director investigated the Union's objections and ordered that a formal hearing be held. A hearing was conducted, and on September 14, 1979, the Hearing Officer issued a report that the election at Plant No. 5 be set aside. Thereafter, the Company filed with the Board exceptions to the Hearing Officer's report. On January 15, 1980, the Board affirmed the Hearing Officer's September 14, 1979 report, and recommendation, and ordered that a second election be held.

A second election was held February 13, 1980. The Union won this election by a vote of 104 to 72. The Company filed objections to the second election. The Board's Regional Director investigated these objec-

tions, and subsequently issued his report, finding them to be without merit.

The Company filed exceptions to the Regional Director's report with the Board. On June 23, 1980, the Board issued an unpublished decision affirming the Regional Director's findings and recommendations. The Board also certified the Union as the collective bargaining representative of the employees at Plant No. 5.

In July, 1980, the Union requested that the Company bargain collectively, and the Company refused. On August 7, 1980, the Union filed a charge alleging this refusal violated Section 8(a)(5) and (1) of the Act, and on August 15, 1980, the Regional Director issued a complaint based on this charge. On August 26, 1980, the Company filed its answer to the complaint, in which it admitted refusing to bargain with the Union, but denied that the Union was properly certified. The General Counsel moved for summary judgment with the Board on the ground that the issues raised by the Company had been litigated in the representation proceedings. On September 25, 1980, the Board transferred the case to itself from the Region, and ordered the Company to show cause why the General Counsel's motion should not be granted. The Company's response to the notice to show cause alleged that "substantial and material issues of fact and law regarding the validity and propriety of the certification issued in Case No. 7–RC–15314 continue to exist."

On November 17, 1980, the Board, pursuant to a motion for summary judgment, found that the Company's admitted refusal to bargain violated Section 8(a)(5) and (1) of the Act.

The Board's order requires the Company to cease and desist from refusing to bargain with the Union and from in any like or related manner interfering with, restraining, or coercing employees in the exercise of their rights under the Act. Affirmatively, the Board's order requires the Company to bargain with the Union on request, to embody any resulting bargaining under-

---

* Hon. Wendell A. Miles, Chief Judge, United States District Court for the Western District of Michigan, sitting by designation.

standing in a signed agreement, and to post appropriate notices.

As noted previously, the Company admits that it has and continues to refuse to bargain with the Union in violation of Section 8(a)(5) of the Act. Therefore, in effect this is the Company's action to obtain final review of the elections results.

Accordingly, the Company contends that the Board's application for enforcement be denied because allegedly: 1) the results of the first election were valid; 2) therefore, the re-run election should not have been ordered; 3) if the order to hold the re-run election was proper, then the results of that election are invalid for the reasons set forth by the Company in its objections.

Upon consideration of the arguments of counsel, the record and briefs filed herein, we find that there is substantial evidence to support the Board's findings. Accordingly, we grant the Board's application for enforcement of its November 17, 1980, order against the Company.